**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2463-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEREMY WATSON, a/k/a JEREMY WARREN
WATSON, LITTLE FACE, JERAMY WATSON,
and JERMEY WATSON,

    Defendant-Appellant.

_____

Submitted April 16, 2018 — Decided August 13, 2018

Before Judges Ostrer and Rose.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Indictment No. 06-
08-0748.

Hegge & Confusione, LLC, attorneys for
appellant (Michael J. Confusione, of counsel
and on the brief).

Michael A. Monahan, Acting Union County
Prosecutor, attorney for respondent
(Alexandra L. Pecora, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Defendant Jeremy Watson appeals from a January 27, 2017 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Following a 2008 jury trial, defendant was convicted of first-degree murder, felony murder, attempted murder, and robbery; second-degree aggravated assault, and possession of a weapon for an unlawful purpose; and third-degree unlawful possession of a handgun, possession of a controlled dangerous substance, and doing so with intent to distribute. He received an aggregate seventy-seven-year sentence subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

We presume the reader's familiarity with the facts, which we reviewed in our opinions affirming his conviction and sentence on direct appeal, State v. Watson, No. A-2921-08 (App. Div. May 25, 2012), and affirming the denial of his first PCR petition. State v. Watson, No. A-5436-13 (App. Div. April 20, 2016). In summary, the State presented evidence that the defendant was a drug dealer. On March 24, 2006, with the help of his cousin Sharif Raymond, defendant robbed and shot two of his customers, Michael Gregory and his girlfriend Candice Baker. Gregory died and Baker survived. Before she was taken to the hospital, Baker told police that "Jeremy" shot her, and he lived at Leland Gardens in Plainfield. Within the hour, police located, surrounded, and broke into

defendant's apartment and arrested him for the homicide and related crimes. The police did not secure a warrant to do so, but there were various outstanding municipal warrants for his arrest. A search incident to his arrest uncovered a large amount of cash in his clothing. A later search of his apartment, pursuant to a search warrant, led to the seizure of a handgun.

Defendant filed his second PCR petition over twenty-nine months after the PCR judge denied his first. He contended that both trial and PCR counsel were ineffective. Defendant argued that trial counsel was ineffective because he failed to obtain and present evidence to support his suppression motion related to the police entry into his apartment and his arrest. Defendant asserted that police entered his home not to arrest him for murder, but to execute the municipal warrants, which he argued did not justify his arrest and the search of his person. He also contended that trial counsel was ineffective by failing to call a drug expert to opine that Baker's cocaine usage impaired her memory. Defendant offered a "preliminary" written opinion from a forensic psychiatrist that cocaine use "may likely" have impaired Baker's memory of the shooting. Defendant also argued that his first PCR counsel was ineffective by failing to support these two arguments with competent evidence, leading to the petition's denial.

The PCR court denied defendant's second petition. The judge held that the petition was time-barred under <u>Rule</u> 3:22-12(a)(2)(C), as defendant filed it more than a year after the PCR court denied the first. The judge also concluded, applying the two-prong <u>Strickland</u> test, that defendant had not demonstrated a prima facie case of ineffective assistance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (stating that a petitioner must show that counsel performed so deficiently as to deny the constitutional right to counsel, and prejudice resulted). The judge held that defendant's expert offered a net opinion. Additionally, trial counsel explored Baker's cocaine use and its impact on her cognition.

The judge also rejected the claim that trial counsel failed to investigate defendant's arrest. The court held the argument was barred by <u>Rule</u> 3:22-4(b) and <u>Rule</u> 3:22-5, because it essentially rehashed the suppression arguments that both the trial court and the first PCR court rejected. In any event, the court concluded that the municipal warrants had nothing to do with the police's exigent entry into defendant's home and his arrest, which was justified despite the delay of about an hour. The court cited <u>State v. Alvarez</u>, 238 N.J. Super. 560 (App. Div. 1990).

On appeal, defendant presents the single point, "The Court should reverse the denial of defendant's petition for post-conviction relief." We are unpersuaded.

First and foremost, defendant's second petition is time-barred. Defendant does not predicate his petition on a newly recognized constitutional right, see R. 3:22-12(a)(2)(A), or on newly discovered facts, see R. 3:22-12(a)(2)(B). He contends his first PCR counsel was ineffective, by failing to present competent evidence to support his arguments about trial counsel's ineffectiveness. Therefore, defendant was required to file his petition within a year of "the date of the denial of the first . . . application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first . . . application for post-conviction relief is being alleged." R. 3:22-12(a)(2)(C). As noted, defendant filed his petition over two years after the PCR judge denied the first petition.

We reject defendant's argument that the one-year period commences not when the PCR judge denies the petition, but when "the appeal decision is delivered or the appeal time has run." Defendant misplaces reliance on Gonzalez v. Thaler, 565 U.S. 134, 150 (2012), which interprets the one-year limitation period for filing a federal habeas corpus petition. 28 U.S.C. § 2244. That statute expressly states the one-year period begins on "the date

on which the judgment became final <u>by the conclusion of direct review or the expiration of the time for seeking such review</u> . . . ." 28 U.S.C. § 2244(d)(1)(A). By contrast, <u>Rule</u> 3:22-12(a)(2)(C) does not mention finality after appellate review. It refers to the "date of the denial" of the petition. That occurred when the PCR judge entered his order in 2014, not when we affirmed it over two years later.

The one-year period "shall not be relaxed," <u>see</u> <u>R.</u> 3:22-12(b), unlike the five-year period for the filing of a first petition, which may be relaxed in cases of excusable neglect, where enforcement of the bar would result in a fundamental injustice, <u>see</u> <u>R.</u> 3:22-12(a)(1). In any event, defendant does not proffer a reason for his delay. The first PCR judge clearly stated in a written opinion that defendant's first PCR counsel failed to submit any "certifications, affidavits, witness statements or witness summaries in support of his petition. . . . As a result, defendant does not set forth a prima facie case under Strickland."

In view of our conclusion regarding the time-bar, defendant's substantive arguments merit only brief comment. We are unconvinced that trial counsel was ineffective by failing to argue that defendant was arrested not for murder, attempted murder, and related charges, but on municipal warrants. Despite an errant statement in a police report, the overwhelming evidence reflected

that the police activity at defendant's home within an hour of the murder and attempted murder, was prompted by those serious violent crimes, and the exigent need to take the identified perpetrator into custody.

As for the proposed expert opinion, in view of Baker's testimony and the cross-examination trial counsel conducted, defendant has failed to establish a reasonable probability that the result of the trial would have been different had trial counsel presented the expert's testimony about the general effect of habitual cocaine use on cognition, and his "preliminary" and uncertain opinion about Baker's memory in particular.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2463-16T3